**JUDGE KOELTL**

Lloyd R. Ambinder, Esq.
James E. Murphy, Esq.
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082

**12 CIV 1074**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEGAN ALLENDE and LIA BLOUNT,  individually and on
behalf of all other persons similarly situated who were employed
by BOWLMOR LANES LLC, BOWLMOR TIMES SQUARE,
LLC, STRIKE HOLDINGS LLC, THOMAS F. SHANNON,
and/or any other entities affiliated with, controlling, or controlled
by BOWLMOR LANES LLC, BOWLMOR TIMES SQUARE,
LLC, STRIKE HOLDINGS LLC, and/or THOMAS F.
SHANNON,

Docket No.

Plaintiffs,

- against -

BOWLMOR LANES LLC, BOWLMOR TIMES SQUARE,
LLC, STRIKE HOLDINGS LLC, THOMAS F. SHANNON,
and/or any other entities affiliated with, controlling, or controlled
by BOWLMOR LANES LLC, BOWLMOR TIMES SQUARE,
LLC, STRIKE HOLDINGS LLC, and/or THOMAS F.
SHANNON,

Defendants.

**CLASS ACTION
COMPLAINT**

**Non Jury Trial**

Named Plaintiffs Megan Allende and Lia Blount (hereinafter referred to as "Plaintiffs"),

by their attorneys Virginia & Ambinder, LLP, allege upon knowledge to themselves and upon

information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.    This action is brought pursuant to the Fair Labor Standards Act (hereinafter

referred to as "FLSA"), 29 U.S.C. § § 206, 207 and 216(b), New York Labor Law (hereinafter

referred to as "N.Y. Lab. Law") § § 190 *et seq.*, N.Y. Lab. Law § 633, N.Y. Lab. Law § 650 *et*

*seq.*, 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § § 146-

1.2, 146-1.4, and 146-1.6 to recover unpaid minimum wages, overtime compensation, spread of hours compensation, and unlawfully retained tips owed to Plaintiffs and all similarly situated persons who are presently or were formerly employed by BOWLMOR LANES LLC, BOWLMOR TIMES SQUARE, LLC, STRIKE HOLDINGS LLC, THOMAS F. SHANNON, and/or any other entities affiliated with, controlling, or controlled by BOWLMOR LANES LLC, BOWLMOR TIMES SQUARE, LLC, STRIKE HOLDINGS LLC (hereinafter collectively referred to as "Bowlmor Lanes Defendants") and THOMAS F. SHANNON, individually, (hereinafter collectively referred to as "Defendants").

2.    Beginning in approximately 2006 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay minimum wages and overtime compensation to their employees, in addition to unlawfully retaining their employees' tips.

3.    Beginning in approximately 2006 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of paying their tipped employees a wage less than the minimum wage for non-tipped employees, without following the provisions of 29 U.S.C. § 203(m), which require that "all tips received by such employee[s] have been retained by the employee[s]."

4.    Under the direction of Defendants' owners, shareholders, corporate officers, and/or directors, Defendants instituted this practice of depriving their employees of the basic compensation for work performed as mandated by federal and state law.

5.    Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including minimum wages, overtime compensation, spread of hours compensation, and the unlawfully retained gratuities, that they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

6.    Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § § 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

7.    Venue for this action in the Southern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

8.    Plaintiff Allende is an individual who resides in Queens, New York, and who formerly worked for Defendants as a lane server from approximately February 2011 to August 2011.

9.    Plaintiff Blount is an individual who resides in Queens, New York, and who formerly worked for Defendants as a lane server from May 2011 until July 2011.

10.    Upon information and belief, Defendant Bowlmor Lanes LLC is a domestic limited liability company, organized and existing under the laws of the State of New York, with its principal place of business at 110 University Place, New York, New York 10003.

11.    Upon information and belief, Defendant Bowlmor Times Square, LLC is a foreign limited liability company, authorized to conduct business in the State of New York, with a principal place of business at 222 West 44th Street, New York, New York 10036.

12.    Upon information and belief, Defendant Strike Holdings LLC is a foreign limited liability company, authorized to conduct business in the State of New York, with a principal place of business at 215 Park Avenue South, Suite 1800, New York, New York 10003. Defendant Strike Holdings LLC is the holding company of Defendants Bowlmor Lanes LLC and

Bowlmor Times Square, LLC.

13.     Upon information and belief, Thomas F. Shannon is a resident of 136 East 19th Street, Apartment 4W, New York, New York 10003, and at all relevant times was an officer, director, president, vice president, and/or owner of the Bowlmor Lanes Defendants.

14.     According to their website, Defendants own and operate a series of bowling alleys throughout the United States under the "Bowlmor" name.[1] In New York City, Defendants operate two locations: Bowlmor Lanes in Union Square, located at 110 University Place, New York, New York 10003 and Bowlmor Lanes in Times Square, located at 222 West 44th Street, New York, New York 10036.[2] Both locations offer patrons the opportunity to bowl, and also function as restaurants and event spaces, specializing "in Corporate Events, Children's Birthday Parties, Bar & Bat Mitzvahs, Teambuilding Outings, and more!"[3]

## CLASS ALLEGATIONS

15.     This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Article 9 of the New York Civil Practice Law and Rules and Rule 23 of the Federal Rules of Civil Procedure.

16.     This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who performed work for Defendants as "lane servers," and in other restaurant-related capacities.

17.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 employees. In addition, the names of all potential members of the putative class are not known.

18.     The questions of law and fact common to the putative class predominate over any

---

[1] http://www.bowlmor.com/
[2] *Id.*
[3] *Id.*

questions affecting only individual members. These questions of law and fact include, but are not limited to, (1) whether the Defendants failed to pay the minimum wage for all hours worked; (2) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week, and; (3) whether Defendants engaged in a regular pattern and practice of unlawfully retaining employees' tips.

19.     The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class were all subject to Defendants' policies and willful practices of (1) failing to pay the minimum wage for all hours worked; (2) failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week; (3) failing to pay spread of hours compensation; and (4) unlawfully retaining employees' tips.

20.     Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

21.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Both individual Plaintiffs and the members of the putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

22.     Beginning in or about 2006, Defendants employed numerous individuals at their two New York City Bowlmor Lanes locations as lane servers, wait staff, bussers, food runners, and in other positions that "customarily and regularly receive tips," as that term is defined under

29 U.S.C. § 203(m) and the regulations and case law interpreting same.

23.     Upon information and belief, under 29 U.S.C. § 201 *et seq.*, and the cases interpreting same, the Bowlmor Lanes Defendants constitute "enterprise[s] engaged in commerce."

24.     Upon information and belief, Plaintiffs and all members of the putative class constituted "employees," as that term is defined under 29 U.S.C. § 203(e), N.Y. Lab. Law § 651, and case law interpreting the same.

25.     The payments made to Plaintiffs and other members of the putative class by Defendants constitute "wages," as that term is defined under N.Y. Lab. Law § 651.

26.     While working for Defendants, Plaintiffs and the members of the putative class were regularly required to perform work for Defendants, without receiving proper minimum wages and overtime compensation as required by applicable federal and state law.

27.     Defendants also engaged in a regular pattern and practice of unlawfully retaining the earned tips of tipped employees, in violation of 29 U.S.C. § 203, N.Y. Lab. Law § 193, and N.Y. Lab. Law § 196-d, and were, therefore, ineligible to take a "tip-credit" and pay employees less than the minimum wage for non-tipped employees.

28.     While working for Defendants, Plaintiff Allende's schedule varied on the weekdays and the weekends. On weekdays, Plaintiff Allende worked from approximately 4 p.m. to 1 a.m. or 2 a.m. On weekends, Plaintiff Allende worked from approximately 10:00 a.m. until 11:00 p.m. Sometimes, on weekends, she was asked to stay past the end of her scheduled shift until 2:00 a.m. Plaintiff Allende was paid approximately $5.00 per hour, plus tips. On average, Plaintiff Allende worked 5 to 6 days per week. Although she was allotted a 30 minute lunch break, she would often be told by a supervisor to punch out for her lunch break but to keep working. At the end of her 30 minute "break," Plaintiff Allende would then be told to punch

back in, even though she hadn't been able to take her break.

29.     While working for Defendants, Plaintiff Blount's schedule varied on the weekdays and the weekends. On weekdays, Plaintiff Blount worked from approximately 4 p.m. to 1 a.m. or 2 a.m. On weekends, Plaintiff Blount worked from approximately 10:00 a.m. until 11:00 p.m. Often, on weekends, she was asked to stay past the end of her scheduled shift until 2:00 a.m. On weekdays, Plaintiff Blount was paid approximately $5.00 per hour, plus tips. On weekends, Plaintiff Blount was not paid an hourly rate, and worked only for her tips. On average, Plaintiff Blount worked 5 to 6 days per week. Plaintiff Blount received a 30 minute lunch break.

30.     Plaintiffs participated in a tip-pooling agreement, whereby all the lane servers pooled their credit card tips, and then this money was divided at the end of each shift among various employees. Plaintiffs and other employees were required to share a percentage of this tip-pooling money with managers.

31.     Plaintiffs were not paid the minimum wage for every hour that they worked. Plaintiffs were not paid overtime at time and one-half their regular hourly wage for all the hours over 40 that they worked.

32.     Upon information and belief, Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the Fair Labor Standards Act and applicable New York State law by failing to maintain proper and complete timesheets or payroll records.

33.     Upon information and belief, Defendant Shannon is an officer, director, shareholder, and/or president or vice president of the Bowlmor Lanes Defendants, and (i) has the power to hire and fire employees of the Bowlmor Lanes Defendants; (ii) supervised and controlled employee work schedules or conditions of employment for the Bowlmor Lanes Defendants; (iii) determined the rate and method of payment for employees of the Bowlmor Lanes Defendants; and (iv) maintained employment records for the Bowlmor Lanes Defendants.

34.     Upon information and belief, Defendant Shannon dominated the day-to-day operating decisions of the Bowlmor Lanes Defendants, made major personnel decisions for the Bowlmor Lanes Defendants, and had complete control of the alleged activities of the Bowlmor Lanes Defendants, which gave rise to the claims brought herein.

35.     Upon information and belief, Defendant Shannon was a supervisor, officer and/or agent of the Bowlmor Lanes Defendants, who acted directly or indirectly in the interest of the Bowlmor Lanes Defendants, and is an employer within the meaning of the Fair Labor Standards Act. Defendant Shannon, in his capacity as an officer, director, shareholder, and / or president or vice president, actively participated in the unlawful method of payment for the Bowlmor Lanes Defendants' employees.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
## FLSA MINIMUM WAGE COMPENSATION

36.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 35 hereof.

37.     Pursuant to 29 U.S.C. § 206, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

38.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an

employer) or anyone acting in the capacity of officer or agent of such labor organization."

39.     The Bowlmor Lanes Defendants constitute an "employer" within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and consequently are liable for violations of the FLSA.

40.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Thomas F. Shannon constitutes an "employer" for purposes of the FLSA and, consequently, is liable for violations of the FLSA.

41.     Plaintiffs and other members of the putative class are "employees," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(e).

42.     Defendants failed to pay Plaintiffs and other members of the putative class all earned minimum wages for the time they worked for Defendants in any given week.

43.     Pursuant to 29 U.S.C. § 203(m), a "tip credit" against the minimum wage may only be taken against the minimum wage where "all tips received by such employee have been retained by the employee, except [for] the pooling of tips among employees who customarily and regularly receive tips."

44.     Defendants required tipped employees to share tips with managers who do not "customarily and regularly receive tips."

45.     Defendants illegally claimed a tip credit against the minimum wage for their tipped employees, when such a credit was not legally permissible.

46.     The failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully owed wages was willful.

47.     By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
### FLSA OVERTIME COMPENSATION

48.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 47 hereof.

49.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

50.     Upon information and belief, Defendants failed to pay Plaintiffs and other members of the putative class all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

51.     The failure of Defendants to pay Plaintiff and other members of the putative class their rightfully owed wages and overtime compensation was willful.

52.     By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
### NEW YORK FAILURE TO PAY MINIMUM WAGES

53.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 52 hereof.

54.     Pursuant to Article Six and Article Nineteen of the New York Labor Law, workers, such as Plaintiffs and other members of the putative class, are protected from wage

underpayments and improper employment practices.

55.     New York State law mandates that employees be paid at least a minimum hourly rate for every hour that they work. 12 NYCRR § 146-1.2.

56.     Pursuant to 12 NYCRR § 146-1.2, "[t]he basic minimum hourly rate shall be $7.25 per hour, or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or any successor provisions."

57.     New York Labor Law § 663, provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

58.     Pursuant to N.Y. Lab. Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

59.     As persons employed for hire by Defendants, Plaintiffs and other members of the putative class are "employees," as understood in N.Y. Lab. Law § 651.

60.     Pursuant to N.Y. Lab. Law § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

61.     As an entity that hired the Plaintiffs and other members of the putative class, the Bowlmor Defendants constitute an "employer."

62.     Upon information and belief, pursuant to N.Y. Lab. Law § § 190 *et seq.*, 650 *et seq.*, and the cases interpreting same, Thomas F. Shannon is an "employer."

63.     In failing to pay Plaintiffs and other members of the putative class minimum wages for all hours worked, Defendants violated N.Y. Lab. Law § § 650 *et seq.* and 663, and 12

NYCRR § 146-1.2.

64.     Upon information and belief, Defendants' failure to pay Plaintiffs and other members of the putative their class minimum wages was willful.

65.     By the foregoing reasons, Defendants have violated N.Y. Lab. Law § § 650 *et seq.* and 663, and 12 NYCRR § 146-1.2, and are liable to Plaintiffs and other members of the putative class who performed work for Defendants within the State of New York in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK OVERTIME COMPENSATION LAW

66.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 65 hereof.

67.     New York State law mandates that employers pay their employees one and one-half times the ordinary minimum wage rate for any hours over forty that they work per week. See 12 NYCRR § 146-1.4.

68.     The Named Plaintiffs and, upon information and belief, other members of the putative class, at times worked more than forty hours a week while working for Defendants.

69.     The Named Plaintiffs and, upon information and belief, other members of the putative class did not receive the New York statutory overtime compensation for all hours worked after the first forty hours of work in a week in violation of 12 NYCRR § 146-1.4.

70.     Consequently, by failing to pay to the Named Plaintiff and other members of the putative class overtime compensation, Defendants violated N.Y. Lab. Law § § 663 and 12 NYCRR § 146-1.4.

71.     Defendants' failure to pay Named Plaintiff and members of the putative class overtime compensation was willful.

72.     By the foregoing reasons, Defendants have violated N.Y. Lab. Law § § 663 and 12 NYCRR § 146-1.4, and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS:
### NEW YORK LABOR LAW ARTICLE 6

73.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 72 hereof.

74.     Gratuities provided by Defendants' patrons to Plaintiffs and other members of the putative class constitute "wages," as that term is defined under Article 6 of the New York Labor Law, specifically including but not limited to N.Y. Lab. Law § § 193, 196-d, 198(3).

75.     Pursuant to N.Y. Lab. Law § 196-d, "[n]o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

76.     By improperly requiring Plaintiffs and other members of the putative class to share gratuities with managers, Defendants violated N.Y. Lab. Law § 196-d.

77.     Upon information and belief, Defendants' improper withholding of wages and gratuities earned by Plaintiff and other members of the putative class was willful.

78.     By the foregoing reasons, Defendants have violated N.Y. Lab. Law § 190 *et seq.*, and are liable to Plaintiffs and other members of the putative class who performed work for Defendants within the State of New York in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**WHEREFORE**, the Named Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by Defendants demand judgment:

(1)     on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, plus attorneys' fees and costs,

(2)     on their second cause of action against Defendants in an amount to be determined at trial, plus interest, attorneys' fees, and costs;

(3)     on their third cause of action against Defendants in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(4)     on their fourth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(5)     on their fifth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(6)     such other and further relief the Court deems just and proper.

Dated: New York, New York
       February 10, 2012

By:     _____
        Lloyd R. Ambinder, Esq.
        James E. Murphy, Esq.
        Virginia & Ambinder, LLP
        111 Broadway, Suite 1403
        New York, New York 10006
        Tel:    (212) 943-9080
        Fax:    (212) 943-9082
        *Attorneys for Plaintiff and Putative Class*